IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RICHARDO TURNER,

    Plaintiff,   No. CIV S-07-0990 GEB GGH P

  vs.

JAMES A. TILTON, et al.,

    Defendants.   <u>ORDER</u>

_____/

Plaintiff is evidently a pretrial detainee in Yolo County proceeding pro se. Although he purports to have filed a petition pursuant to 28 U.S.C. § 2254, the court's review of the allegations herein indicates that this case should be construed as arising under 42 U.S.C. § 1983.

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. <u>Ibid</u>. *By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance.* <u>See</u> <u>Muhammad v. Close</u>, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); <u>Preiser</u>, <u>supra</u>, at 498-499, 93 S. Ct. 1827.

<u>Nelson v. Campbell</u>, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004) [emphasis added].

1

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 6.50 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges he was denied due process in being placed in administrative segregation at Monroe Detention Center. Petition Form, p. 3. He claims to be a mental health patient diagnosed as bi-polar/manic depressive, as well as having physical disabilities, limiting his mobility. Id. at 3-4. Plaintiff avers that he was targeted upon his December 11, 2006, arrest by Sgt. D. Hunter, and other booking deputies, including Jamolodin, Chaud, Gibson, and Duvall, all of whom falsified a Rules Violation Report to have plaintiff placed in administrative segregation (ad seg). Id. at 4. Plaintiff claims during this period to have been deprived of his "due process rights to basic human needs," specifically a lunch and dinner meal. Id. at 5. Plaintiff also claims the food deprivation as a violation of his Eighth Amendment rights, as well as of state regulations.  Id.

Plaintiff presents a litany of deprivations arising from his three-and-a-half-month placement in ad seg, which occurred absent due process. Id. Plaintiff was deprived of his constitutional right to 10 hours of yard exercise per week; his right to have personal non-contact visits behind glass; his right to basic needs such as hygiene, grooming tools and sanitary supplies. Id. He was also deprived of his right to phone his attorney. Id. Before being placed in ad seg, plaintiff was never given notice or an opportunity to be heard. Id. Plaintiff was not assigned an

investigative employee or a staff assistant; he was deprived of the ability to call witnesses, was not provided with all non-confidential information 24 hours before the hearing, was deprived of an impartial decision-maker, did not receive a completed copy of the disposition of the Rules Violation Report. Petition, pp. 6-7.

Plaintiff complains of being "poisoned" by contaminated food and beverages while in ad seg from Dec. 24, 2006, until Dec. 26, 2006, and claims to have suffered stomach cramps, chills and muscle spasms, among other complaints for which he was denied health care for nine days, from Dec. 24, 2006, until Jan. 4, 2007. Id. at 8-9. When plaintiff received treatment, he was suffering a 104 degree temperature and had to be administered antibiotics. Id. at 10. He continued to suffer retaliation upon being moved and kept on ad seg status, and his cell was ransacked and some of his court documents thrown away. Id. Plaintiff continues with a litany of allegations concerning his conditions of confinement, including apparently, another falsified Rule Violation Report that he alleges he received on March 25, 2007, resulting in his having lost his claimed constitutional right to have visits with his mother and to one hour of daily exercise. Id. at 11.

On March 27, 2007, plaintiff states that several sheriff's deputies moved a violent Crips gangmember into his cell, even though plaintiff has a mental condition and has a "keep away" order from Crips and Bloods arising from a criminal case from which he is on parole. Id. at 11-12. Plaintiff was punched and knocked down on April 12, 2007 by Larry D. Ross, Jr. (evidently an inmate), injuring his head. Id. Plaintiff strings together further dramatic allegations, some of which are not legible, including having his personal property ransacked, being deprived of a cellmate he found compatible, being restricted again to ad seg for claiming in court to have been subjected to unethical conduct compromising his safety and security. Id. at 13-23.

The difficulty with screening this putative petition is that it is, as noted, primarily a challenge to the conditions of his confinement and not to the duration of a conviction or

1 sentence. Construing it as a complaint pursuant to 42 U.S.C. § 1983, the court finds the allegations, on the face of it, violative of Fed. R. Civ. P. 8, which sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)). Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179. Moreover, in asserting a litany of multiple unrelated claims against different would-be defendants, plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").

On the other hand:

> Pretrial detainees have a substantive due process right against restrictions that amount to punishment. United States v. Salerno, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991) (en banc). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535, 99 S.Ct. 1861. There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. Salerno, 481 U.S. at 747, 107 S.Ct. 2095.

Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002).

To the extent that plaintiff challenges his placement in ad seg without due process, plaintiff is informed that state regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).

To show retaliation, plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

Although a temporary denial of exercise does not per se constitute an Eighth Amendment violation, denial of all outdoor exercise for an extended period may. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance

justifying denial of outdoor exercise); see also LeMaire v. Maass, 12 F.3d 1444, 1457-1458 (9th Cir. 1993) (while exercise is "one of the basic human necessities protected by the Eighth Amendment," where restriction from outdoor exercise arose from inmate's abuse of the privilege and posing a security risk, plaintiff's Eighth Amendment claim for deprivation thereof failed); but see, Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (upholding district court decision that inmates confined with almost total lack of outdoor exercise for period of years was cruel and unusual punishment, and requiring they be allowed one hour of outdoor exercise, five days a week, absent poor weather, unusual circumstances); see also, Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996) (defendants not entitled to summary judgment where plaintiff produced evidence showing deprivation of outdoor exercise for six-month period in administrative segregation). The Ninth Circuit has clarified the requisite elements:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).

In Allen v. Sakai, 48 F.3d 1082, 1086-1088 (9th Cir. 1994)[1], the Ninth Circuit affirmed denial of summary judgment for defendants on plaintiff's Eighth Amendment claim arising from six weeks of confinement with only 45 minutes of exercise per week, finding that plaintiff met the objective requirement. In Lopez, the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. 1132-1133. The Lopez court noted that:

---

[1] Although the Federal Reporter indicates that this decision was amended in March of 1995, the year cited in Lopez, supra, for the decision, the Federal Reporter nevertheless directs that the decision be cited as rendered in 1994; Westlaw also provides 1994 as the date of the decision.

7

> The clear implication of May is that temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects.

Lopez v. Smith, 203 F.3d at 1133 n. 15 (see May v. Baldwin, supra).

Finally, the Eighth Amendment "requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1986). "Rather, the Eighth Amendment proscribes the 'unnecessary and wanton infliction of pain....'" Id. Nevertheless, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation...must be considered in determining whether a constitutional violation has occurred."

As plaintiff has filed his allegations in the inappropriate form of a petition, the petition will be dismissed, with leave to amend to file a complaint, within thirty days, pursuant to 42 U.S.C. § 1983. Plaintiff has a number of civil rights actions now pending in this court, of which this court takes judicial notice,[2] and plaintiff is cautioned not to file a complaint that is duplicative of his other current complaints. See Turner v. Spence, et al., Case No. CIV S-07-0022 LKK GGH P; Turner v. Monroe & Leinberger Detention Center, Case No. CIV S-07-0078 LKK GGH P; Turner v. Schwarzenegger, et al., Case No. CIV-S-07-1362 LKK GGH P.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

---

[2] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Miscellaneous

Plaintiff has filed two putative motions: one seeking an order discharging him from "unconstitutional restraint" and one for discovery pursuant Rule 6, of the Rule Governing Section 2254 cases, neither of which is apposite or supported, and which will be herein disregarded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is to re-designate this action as one brought pursuant to 42 U.S.C. § 1983;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $6.50. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections

1  and Rehabilitation filed concurrently herewith.

2      4. The petition (# 1) is dismissed for the reasons discussed above, with leave to
3  file a complaint, pursuant to 42 U.S.C. § 1983, within thirty days from the date of service of this
4  order. Failure to file a complaint will result in a recommendation that the action be dismissed.

5      5. Plaintiff's inapposite motions, filed on July 17, 2007 (#7), and on August 13,
6  2007 (# 13), are disregarded.

7  DATED: 03/24/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
turn0990.b